```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
TERRELL THOMAS,                                                        :
                                                                       :
                                Plaintiff,                             :
                                                                       :      23 Civ. 8181 (JPC)
                -v-                                                    :
                                                                       :      ORDER
325 BROADWAY ASSOCIATES LLC et al.,                                    :
                                                                       :
                                Defendants.                            :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

In lieu of Plaintiff and Defendant 325 Sophie's LLC's proposed consent order regarding the Certificate of Default against the latter, *see* Dkt. 17 (Certificate of Default); Dkt. 20 (proposed consent order), the Court has determined that good cause exists to set aside the entry of default under Federal Rule of Procedure 55(c). The Second Circuit has held that the good cause standard of Rule 55(c) "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *State Univ. of N.Y. v. Triple O, LLC*, No. 21-2116-cv, 2022 WL 14177198, at *2 (2d Cir. Oct. 25, 2022) (internal quotation marks omitted).

The Second Circuit has further interpreted willfulness to "include conduct that is more than merely negligent or careless, such as where the behavior was egregious and was not satisfactorily explained." *Id.* at *3 (internal quotation marks omitted). Here, the Clerk issued the Certificate of Default approximately 17 days after 325 Sophie's LLC's answer was due, *compare* Dkt. 13 *with* Dkt. 17, and the Court can discern no reason to believe that the missed deadline resulted from anything other than simple negligence. In terms of prejudice, the Court similarly concludes that this short delay is unlikely to have "result[ed] in the loss of evidence, create[d] increased difficulties

of discovery, or provide[d] greater opportunity for fraud and collusion." *Robinson v. Sanctuary Music*, 383 F. App'x 54, 58 (2d Cir. 2010) (internal quotation marks omitted).  As to meritorious defenses, while 325 Sophie's LLC has yet to proffer any defenses given the early stage of litigation, the Court's finding that the other two factors weigh heavily in favor of vacatur, combined with Plaintiff's apparent lack of opposition thereto, illustrates that good cause exists under Rule 55(c). *See, e.g.*, *Heidi & Hans-Jurgen Koch GbR v. Blue Label Solutions LLC*, No. 21 Civ. 2937 (LAK) (KHP), 2021 WL 5647793, at *2 (S.D.N.Y. Dec. 1, 2021) ("Defendant has yet to show a meritorious defense exists as it has just begun its review of Plaintiff's allegations. . . . [Nevertheless,] as Plaintiff does not oppose [Defendant's] motion for vacatur and this Circuit's preference for deciding cases on the merits, good cause exists to vacate the certificate of default.").

The Court therefore sets aside the Certificate of Default against 325 Sophie's LLC under Rule 55(c).  In light of this vacatur, 325 Sophie's LLC shall respond to the Complaint by December 9, 2023.

SO ORDERED.

Dated: November 9, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge